The threshold issue in this case is whether the Jefferson Circuit Court had in personam jurisdiction over defendants Palmer Cay, Inc., and James F. Roberts.
The following facts are uncontested: The plaintiff, Dillon Equities d/b/a H.L. Franklin's Place ("Franklin's") is a Georgia corporation, whose sole asset is H.L. Franklin's Place, which is a restaurant/lounge in Birmingham, Jefferson County, Alabama.
Palmer Cay, Inc., is a Georgia corporation, that was not licensed to do business in Alabama and had no agents physically present in Alabama at any time pertinent hereto. Roberts is an insurance agent for Palmer Cay and is a Georgia resident; he was not physically present in Alabama at any time pertinent hereto. In 1980, Franklin's contacted Palmer Cay and Roberts to obtain insurance on the Birmingham restaurant/lounge, which was the only real property owned by Franklin's. All negotiations between Franklin's and Palmer Cay and its agent Roberts took place in Georgia. Continuously from 1980 through 1984, Palmer Cay and its agent Roberts placed, maintained, and renewed coverage on the Birmingham restaurant/lounge. During this period of time, Franklin's paid to Palmer Cay $23,589.29 in insurance premiums. These premiums were paid with income received by Franklin's from the Birmingham restaurant/lounge. For the 1983-84 policy year, Palmer Cay, through its agent Roberts, placed the primary coverage on the restaurant/lounge with The Home Insurance Company ("The Home") and excess coverage on the restaurant/lounge with United States Fire Insurance Company ("U.S. Fire.") While these policies were in effect, a suit was filed against Franklin's charging it with violating the Alabama Dram Shop Act by selling intoxicating liquors to a person who was obviously intoxicated and who thereafter operated a vehicle in such a reckless manner that he killed a man (this suit will be referred to as the dram shop action). Franklin's notified Roberts, Palmer Cay, The Home, and U.S. Fire of this dram shop action. The Home, as primary carrier, denied coverage, since liability arising out of the sale and distribution of alcoholic beverages was specifically excluded in the policy in effect at the time of the incident made the basis of the dram shop action against Franklin's. U.S. Fire, as excess carrier, denied coverage, since the "liquor liability" endorsement in the policy in effect at the time of the incident made the basis of the dram shop action against Franklin's was not effective due to the absence of liquor liability coverage in the primary policy written by The Home. Roberts, as agent for Palmer Cay, countersigned The Home and U.S. Fire policies and the endorsements thereto.
Franklin's contends that Roberts, individually and as agent for Palmer Cay, represented to Franklin's that the Birmingham restaurant/lounge was fully covered by insurance *Page 461 
and that no additional insurance coverage was needed.
Franklin's filed a two-count complaint in the Circuit Court of Jefferson County, Alabama. The first count sought a judgment against U.S. Fire and The Home declaring that the policies issued by the two insurance companies provided coverage for Franklin's in the dram shop action. The Home and U.S. Fire filed motions for summary judgment directed toward the declaratory judgment count. These were granted, and no appeal was taken from those summary judgments. The second count sought damages against U.S. Fire, The Home, Palmer Cay, and Roberts based on a claim of negligent procurement of insurance coverage. Palmer Cay and Roberts filed a motion to dismiss this count, alleging, among other things, lack of inpersonam jurisdiction. The motion was granted, dismissing the entire cause of action against Palmer Cay and Roberts, and dismissing the remainder of the suit against U.S. Fire and The Home. In response to the plaintiff's "Motion for Reconsideration or in the alternative Motion for Clarification of Court's Order," the trial court ruled that the court did not have in personam jurisdiction of Palmer Cay and Roberts, and that Palmer Cay and Roberts were indispensable parties to the litigation, without whose presence the action could not proceed.
Franklin's appeals from the order dismissing count two of the complaint. We reverse and remand.
Palmer Cay, Inc., and its agent Roberts assert that they were never physically present in Alabama, by agent or otherwise, and that no negotiations took place in Alabama; therefore, they argue, the trial court was correct in dismissing for lack of in personam jurisdiction. We disagree.
It has long been established that physical presence in the state is not a prerequisite to effective service of process on a nonresident defendant; Milliken v. Meyer,311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); see also Shrout v.Thorsen, 470 So.2d 1222 (Ala. 1985). What is required is that the out-of-state resident have "some minimum contacts with this state [so that], under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action." Rule 4.2(a)(2)(I), Ala.R.Civ.P.
" '[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' " McGee v. International Life Ins.Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), quoting International Shoe Co. v. Washington,326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Alabama's long-arm statute (Rule 4.2, Ala.R.Civ.P.) has been interpreted by this Court to extend the jurisdiction of Alabama courts to the permissible limits of due process. DeSotacho, Inc. v.Valnit Industries, Inc., 350 So.2d 447 (Ala. 1977),Duke v. Young, 496 So.2d 37 (Ala. 1986).
Alabama's long-arm procedure for service of process is not limited to "rigid transactional categories" or subject to a mechanical formula. Alabama Waterproofing Co. v.Hanby, 431 So.2d 141 (Ala. 1983). Instead, the relevant facts and attendant circumstances must be examined and the relationship among the defendant, the forum, and the litigation analyzed to determine if the defendant has sufficient "minimum contacts" so that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "International Shoe Co. v. Washington.
Rule 4.2(a), Ala.R.Civ.P., provides in pertinent part:
 "(2) Sufficient contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's
". . . .
 "(G) contracting to insure any person, property, or risk located within this state at the time of contracting. . . ." *Page 462 
Upon examining the particular facts and attendant circumstances of this case, we are of the opinion that Palmer Cay, Inc., by its agent Roberts, established "sufficient contacts" with this state by contracting to insure the plaintiff's restaurant/lounge, which was "located within this state at the time of contracting." See First National Bankof Pulaski v. Thomas, 453 So.2d 1813, 1316 (Ala. 1984). Since the opening of the restaurant/lounge in 1980, Palmer 
Cay, Inc., by its agent Roberts, has maintained and renewed the initial coverage on this restaurant/lounge. James Roberts, in his capacity as agent for Palmer Cay, Inc., countersigned The Home and the U.S. Fire policies. Finally, it is undisputed that Franklin's paid, and Palmer Cay, Inc., received, $23,589.29 in insurance premiums for coverage on the restaurant/lounge. Pursuant to Rule 4.2(a)(2)(G), Ala.R.Civ.P., we find sufficient contacts with the State of Alabama.
Palmer Cay, Inc., and its agent Roberts had good reason to anticipate litigation within Alabama if they should breach their duty to an insured by negligently failing to procure or maintain adequate insurance coverage for that insured on property situated in Alabama. In World-Wide VolkswagenCorp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559,62 L.Ed.2d 490 (1980), Justice White wrote as follows: "The foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." (Citations omitted.) In determining if an out-of-state defendant should have "reasonably anticipate[d]" litigation in the forum state, the United States Supreme Court has frequently drawn from the reasoning of Hanson v.Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283
(1958):
 " 'The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' "
Burger King Corp. v. Rudzewicz, 471 U.S. 462 at 474-75, 105 S.Ct. 2174 at 2183, 85 L.Ed.2d 528 (1985), quotingHanson v. Denckla, 357 U.S. at 253, 78 S.Ct. at 1239.
By procuring and placing insurance coverage on a restaurant/lounge located in Birmingham, Alabama, and deriving substantial benefit therefrom, Palmer Cay, Inc., by its agent Roberts, "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson, supra.
Palmer Cay, Inc., and its agent Roberts voluntarily assumed this interstate obligation for profit, and by doing so should have "reasonably anticipate[d]" being required to appear in Alabama to defend an action such as the present one, which arises out of their contracting to insure property located within Alabama.
Also relevant to due process analysis is the level of inconvenience to the defendant in defending the suit. We cannot say that it is unfair or unreasonable to require a Georgia corporation, with its principal place of business in Chatham County, Georgia, to appear in an Alabama forum to defend the present cause of action, which arises from its act of insuring the plaintiff's restaurant/lounge in Birmingham, Alabama.
Because of the quality and nature of Palmer Cay's and Roberts's activity, the resultant foreseeability by Palmer 
Cay and Roberts of being required to defend an action in Alabama, and the lack of inconvenience in appearing and defending the action in an Alabama forum, we are convinced that it is "fair and reasonable" to require Palmer Cay and Roberts to defend this action in Alabama. We therefore hold that Palmer Cay and Roberts did have the requisite minimum contacts with Alabama necessary to permit the assertion *Page 463 
of this state's jurisdiction over them. The judgment of dismissal is due to be, and it is, hereby, reversed and the cause is remanded for proceedings in accordance with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.