IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 30, 2002

## JOHN A. HIGGINBOTHAM v. ANNE CLEVE

**Appeal from the Chancery Court for Lincoln County**
**No. 11,233     J.B. Cox, Chancellor**

---

**No. M2002-00899-COA-R3-CV - Filed March 4, 2003**

---

Anne Cleve appeals, pro se, the action of the trial judge in refusing to set aside a judgment entered against her enforcing a foreign judgment entered in the Circuit Court of Madison County, Alabama. We affirm the action of the trial judge.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Anne Cleve, Fayetteville, Tennessee, Pro Se.

Randall E. Self and James S. Kidd, Fayetteville, Tennessee, for the appellee, John A. Higginbotham.

## OPINION

Pro se Defendant/Appellant in this case concludes her brief with the observation: "The principle of law contained within "The Book of The Law" is clear on this issue. 'Woe unto you, lawyers! . . . ye entered not in yourselves, and them that were entering in ye hindered.' *Luke* 11:52." In spite of her bulldog tenacity, obvious powers of intellect and remarkable zeal, she would have been well advised to have sought the help of a lawyer.

The only issue in this case is a simple one, and her efforts to bury that issue under an avalanche of paper is to no avail. John A. Higginbotham, a surgeon in Huntsville, Alabama, sued Defendant in the Circuit Court of Madison County, Alabama for breach of contract. She made, pro se, a "special appearance" on May 23, 1997, contesting in personam jurisdiction of the Alabama court. Her Motion to Dismiss in the Alabama court was heard on July 11, 1997, with the hearing resulting in an Order of July 14, 1997, holding:

THIS matter came before the Court on July 11, 1997 at approximately 1:15
p.m. for hearing on the Motion to Dismiss filed by the one of the Defendants, namely,

Anne P. Cleve. Appearing at the hearing was the Defendant Cleve and the Plaintiff along with his counsel, Scott A. Rogers. After an initial meeting in chambers, the hearing commenced in open court and exhibits were introduced and are made a part of the court record as a result. The Court having considered the testimony and exhibits submitted by the parties hereby overrules and denies the Motion to Dismiss by the Defendant, Anne P. Cleve, due to the fact it appears to the Court there is substantial evidence to indicate that the Defendant does do business in and has substantial contacts with the State of Alabama. It is hereby ORDERED Defendant has thirty (30) days to answer the complaint as filed.

OTHER issues raised during the hearing present at least issues for the fact finder to determine at any final hearing in this matter. Additionally, the Defendant Cleve stated during the course of the hearing that she does business as Elk River Plantation and that there is no incorporated association known as Elk River Plantation; therefore, there is a realignment of the Defendants such that henceforth the Defendant shall be Anne P. Cleve, individually, and doing business as Elk River Plantation.

DONE and ENTERED this the  _14th_  day of July, 1997.

Thereafter, on October 19, 1998, the Circuit Court of Madison County, Alabama entered judgment in favor of John A. Higginbotham and against Anne P. Cleve for $49,500 plus $136.80 in court costs. This judgment was not appealed and, in due course, became final.

On May 24, 1999, John A. Higginbotham filed the present suit in the Chancery Court of Lincoln County, Tennessee by his Petition to Register Foreign Judgment, including therein a prayer: "WHEREFORE, Plaintiff requests this Honorable Court to order the registering of the foreign judgment in the Register's Office for Lincoln County, Tennessee against said Defendant, order the Defendant to pay the same and grant such other relief, both general and specific, to which Plaintiff may be entitled."

On July 1, 1999, Anne P. Cleve, pro se, responded to the Petition, stating:

COMES NOW the named Defendant in this case, ANNE P. CLEVE and ELK RIVER PLANTATION, with an OBJECTION to this foreign judgment and asks for a continuance on the following grounds:

1. Defendant was without knowledge of this judgment until served with this summons and accompanying PETITION TO REGISTER FOREIGN JUDGMENT.

2. Defendant DENIES the validity of the subject judgment.

3. The subject judgment was obtained ex parte.

4. Defendant was denied procedural due process relative to said judgment in the Alabama court.

5. Defendant is taking action to have this judgment vacated by the Alabama court.

6. Defendant is in the process of seeking counsel and asks for an extension of thirty (30) days to obtain counsel in this case.

WHEREFORE, Defendant, Anne P. Cleve, asks for an extension of thirty (30) days to obtain counsel. And a DENIAL of the

Thereafter, Defendant filed seemingly endless motions, petitions, memoranda, and other documents, attacking the judge in Alabama, the judge in Tennessee, Dr. Higginbotham, and the lawyers.

On July 31, 2001, the Chancery Court of Lincoln County entered two orders, same being:

## ORDER

This cause came to be heard on the 31st day of July, 2001 upon the Motion for Enlargement of Time and the Continued Notice of Lack of Availability of the Defendant.

This matter was previously before the Court on the 26th day of June, 2001 upon the Plaintiff's Motion to Set for Trial. The Defendant was duly served a copy of said Motion and filed in response thereto a Motion [sic] of Objection to Motion to Set for Trial. The Defendant stated as grounds for her Motion that she only received three days notice of the Plaintiff's Motion to Set. The Court finds that the Plaintiff's Motion was served on June 19, 2001, seven days before the scheduled hearing date. The Court accordingly finds that this Notice is legally adequate and sufficient.

The Court further finds that the Defendant failed to appear at the hearing of the Plaintiff's Motion to set for trial.

The Court further notes that the Defendant filed a Motion for Enlargement of Time on the 23rd day of July, 2001 and continued Notice of Lack of Unavailability on the 30th day of July, 2001.

The Defendant failed to appear at the trial on July 30, 2001 and failed to offer any legitimate or sufficient reason for requesting a continuance.

The Court accordingly finds and orders that the Defendant's request for a continuance is not well taken and should be denied.

## ORDER

This matter came to be heard on the 31st day of July, 2001 upon the Petition to Register Foreign Judgment and Motion for Default Judgment of the Plaintiff and upon the response to Bill of Complaint and Motion to Dismiss for lack of in Personal Jurisdiction of the Defendant, and it appearing to the Court that the Defendant, Ann P. Cleve, was notified to be in Court but failed to appear and it further appearing that the Defendant filed a written request for continuance but stated no legitimate reason for requesting that the hearing of this matter be postponed and accordingly.

THE COURT FINDS THAT THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IS WELL TAKEN AND SHOULD BE GRANTED.

It is hereby ordered that the Foreign Judgment entered against the Defendant in District Court of Madison County, Alabama, Case No. CV97-778 in the amount

of $49,500.00 plus $136.80 in court costs is hereby registered and confirmed in this county and state as an enforceable Judgment under the laws of the State of Tennessee.

It is further ordered that the costs of this cause are taxed against the Defendant for which let execution issue.

On December 21, Anne Cleve filed a 70 page Demand to Vacate Void Judgment, which, among many other things, again attacked in personam judgment of the Alabama court. A hearing was held before the court on February 12, 2002 on these pending matters and, at the conclusion of the hearing, the trial judge addressed, again, the determinative issue.

THE COURT: The issue before the Court, the overarching issue before the Court, is whether or not this Court should give full faith and credit to the judgment of Alabama - - of the Alabama court pursuant to the Constitution. And your issues relative to that relate to what you perceive to be lack of due process and lack of proper jurisdictional consideration by the Alabama court.

Along those lines, I have reviewed the transcript, which places me in a quasi-appeal position, which is not normal for a trial court. But this is a little different than the normal lawsuit in that regard, because it's coming across the state lines. I do not believe that I have the authority to go behind the testimony taken by the Alabama court. Based upon the reading of the transcript, it does not appear to the Court to be void on its face, because the transcript describes consideration by the court in Alabama of factors pertinent to jurisdiction in your case. I realize that you disagree with the ruling of the court, based upon the reasons that you maintained down there and still maintain.

. . . .

Further, the Court finds that there is no indicia of fraud present in the record. The Court in that regard looks directly toward the transcript from the Alabama court, where there was a motion relative to jurisdiction; where there was a motion to reconsider jurisdiction; where a ruling was made relative to jurisdiction; and where no further action in that court was taken after that ruling occurred.

Based upon the hearing of February 12, 2002, the trial court, on February 14, 2002, entered the following Order:

This cause came on to be heard on the 12th day of February, 2002, upon the petition of the Defendant, Anne P. Cleve, to vacate the Order of this Court dated July 31, 2001, which confirmed in this state and county a judgment heretofore entered in the District Court of Madison County, Alabama, in the amount of $49,500.00 plus interest; the motion of the Plaintiff to dismiss such petition; motion of the Plaintiff to strike the "notice of objection" filed by the Defendant; evidence introduced in open court; arguments of counsel; and the entire record in the cause from all which the Court finds and orders as follows:

The Court finds the Chancery Court of Lincoln County has jurisdiction in this matter and should give full faith and credit to the order entered in the District Court

-4-

of Madison County, Alabama. This Court does not have the authority to go behind the order of the Alabama Court as it is not void on its face.

Further, that this Court inquired into the jurisdiction of the Alabama Court to enter the underlying judgment in this cause. The Court considered the objection to jurisdiction filed by the Defendant, Anne P. Cleve, in the Circuit Court of Madison County, Alabama and it appears to the Court that this matter was fully heard and ruled upon adversely to the Defendant. Further, Defendant filed a request for reconsideration which was also considered and denied by the Alabama Court. Based upon this, it appears to this Court that the Circuit Court of Madison County, Alabama clearly had personal jurisdiction over the Defendant, Anne P. Cleve.

The Court further finds there is no indicia of fraud on the record nor any breach of due process by the Court of Alabama. Defendant failed to appear at the hearing of the motion for summary judgment in Alabama, and a judgment was entered against her. For two years the Defendant took no action following the entry of the judgment in Alabama, and she never took any further action to appeal her case in Alabama.

The Court further finds there is no indicia of fraud in the prosecution of the Plaintiff's petition to register and certify the Alabama judgment in this Court.

The Defendant's motion to dismiss was filed approximately five months after the order of July 31, 2001, and the appeal time ended 30 days after entry of the order. The Court further finds that the five month delay is fatal to the Defendant's motion to vacate the orders of July 31, 2001, as the Defendant's delay is five times the allowable time. Further, the Defendant offered no justification for her delay which would afford relief under *Tennessee Rules of Civil Procedure 60.02*.

It is accordingly Ordered, Adjudged and Decreed that the Defendant's motion to vacate void judgment is hereby overruled and dismissed.

It is further ordered that the costs of this cause are taxed against the Defendant for which let execution issue.

Anne Cleve, pro se, timely appealed.

Disposition of the only issue properly before the Court on this appeal could be made on the basis that the trial judge did not abuse his discretion, (which he certainly did not), in denying the Tennessee Rule of Civil Procedure 60.02 Motion filed December 21, 2001, belatedly challenging the final judgment of July 31, 2001. *Toney v. Mueller Co.*, 810 S.W.2d 145 (Tenn. 1991); *Day v. Day*,

931 S.W.2d 936 (Tenn. Ct. App. 1996).[1] We choose, however, to address the underlying issue involving full faith and credit of the Alabama judgment.

When a foreign judgment is domesticated pursuant to Tennessee Code Annotated section 26-6-101 to112, Tennessee is required by Article IV, sec. 1 of the Constitution of the United States to give full faith and credit to such judgment. *Abernathy v. Chambers*, 482 S.W.2d 129 (Tenn. 1972). Tennessee courts may refuse to give full faith and credit to a foreign judgment if it appears that the foreign court did not have in personam jurisdiction over the defendants. *Benham v. Fisher*, 650 S.W.2d 759, 760 (Tenn. Ct. App. 1983). A foreign judgment properly domesticated is presumed to be valid, and the burden rests heavily upon the party assailing the judgment to show its invalidity. *Dement v. Kitts*, 777 S.W.2d 33, 36 (Tenn. Ct. App. 1989); *Remington Inves., Inc. v. Obenauf*, 1 S.W.3d 666, 669 (Tenn. Ct. App. 1999).

We then turn to the record of the testimonial hearing before Judge Bruce E. Williams, Circuit Judge of Madison County, Alabama of July 11, 1997, upon which was predicated that court's Order entered July 14, 1997 overruling and denying the Motion of Anne P. Cleve to dismiss for lack of in personam jurisdiction. Whether or not she had sufficient contacts to be subject to in personam jurisdiction in Alabama under the Alabama "long arm" statute is a question of fact. The record of July 11, 1997, which was a hearing limited to the sole issue of whether or not Alabama had in personam jurisdiction of Anne Cleve, reveals that Anne Cleve affirmatively refused to testify, although she was offered the opportunity at least twice to give her testimony. She declined to do so but preferred, instead, to simply make statements to the court, not subject to cross-examination, but in her capacity as her own attorney. This left the court with only the testimony of the Plaintiff, Dr. John Higginbotham, who testified that he had known Anne Cleve for approximately 15 years and, on April 4, 1993, entered into a contract with her regarding the raising of Emus. He testified that Ms. Cleve attempted to personally deliver a document entitled Joint Venture Agreement to his home in Alabama; that she telephoned him in Alabama several times in April 1993; that she arranged a time to pick up copies of the signed agreements and checks at his office in Alabama; that she called him in Alabama approximately six times before the Joint Venture Agreement was signed; that she visited him at his office to pick up the prospectus; that she had bank documents from AmSouth Bank in Huntsville delivered to his home; that he met with her one time in Alabama to discuss the Emu business; that he delivered a check for $25,000 to her in the Huntsville, Alabama area; that she urged him to get other doctors involved in this venture in the Huntsville, Alabama area and left extra copies of her prospectus to be delivered among them in the State of Alabama; that he had given copies of the prospectus to his colleagues in Alabama as requested by Mrs. Cleve; that Anne Cleve advertised her breeding business in the Huntsville Times of Huntsville, Alabama; that he asked her to distribute

---

[1] A competent lawyer would have been aware of the provisions of Tennessee Rule of Civil Procedure 59 and the 30 day limitation therein for the filing of post-trial motions that would toll the time for appeal under Tennessee Rule of Appellate Procedure 4 and would lay the basis for *de novo* appellate review under Appellate Rule 13(d), with no presumption of correctness as to questions of law, *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87 (Tenn. 1993), and a presumption of correctness as to the trial court's findings of fact unless the evidence preponderated against them. *NCNB Nat'l Bank v. Thrailkill,* 856 S.W.2d 150 (Tenn. Ct. App. 1993). An abuse of discretion standard places the appellant in a much more precarious position on appeal.

advertising flyers in the waiting room of his Huntsville, Alabama office; that the Joint Venture Agreement between the parties was negotiated in Alabama, delivered to Dr. Higginbotham in Alabama and signed by him in Alabama; and that she received payments in the State of Alabama and delivered documents to be signed in the State of Alabama. This testimony of Dr. Higginbotham was unchallenged, unimpeached and uncontradicted by any counterveiling evidence.

In order to determine whether the Alabama trial court had personal jurisdiction over Cleve, the courts of this State must look to the jurisdictional statutes, not of Tennessee, but of the state in which the judgment sought to be enforced was entered when determining whether the Court had obtained personal jurisdiction over the non-resident defendant. See *Four Seasons Gardening and Landscaping v.* Croach, 688 S.W.2d 439 (Tenn. Ct. App. 1984); Diners *Club, Inc. v. Makoujy*, 448 N.Y.S.2d 116, 118 (N.Y. Civ. Ct.1981); *McGinnis v. McGinnis*, 261 S.E.2d 491, 496 (N.C. Ct. App.1980). Thus, this Court's inquiry should be limited to Alabama's long arm statute found at Rule 4.2 of the Alabama Rules of Civil Procedure and the cases construing it to determine whether the Circuit Court of Madison County, Alabama had properly acquired personal jurisdiction over Mrs. Cleve in the action fled by John A. Higginbotham.

Jurisdiction of the Alabama courts extends to the permissive limits of due process under the Alabama Long Arm Rule. *Dillon Equities v. Palmer & Cay, Inc.*, 501 So.2d 459, 461 (Ala. 1986). The Circuit Court of Madison County, Alabama acquired jurisdiction over Mrs. Cleve in accordance with Alabama's "long arm statute", which provides in pertinent part as follows:

(a)     *Basis for Out-of-State Service.*
(1)     *When Proper.* Appropriate basis exists for service of process outside of this state upon a person in any action in this state when

. . . .

(B)     the person has sufficient contacts with this state, as set forth in subdivision (a)(2) of this rule, so that the prosecution of the action against the person in this state is not inconsistent with the constitution of this state or the Constitution of the United States, ...
(2)     *Sufficient Contracts.* A person has sufficient contracts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's
(A)     transacting any business in this state;

. . . .

(I)     otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions

-7-

(A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States.

Ala. R. Civ. P. 4.2.

The overriding inquiry of the above rule is whether a person has sufficient contacts with the State when that person, acting directly or by an agent, is or may be legally responsible as a consequence of that person's transacting <u>any</u> business in the State of Alabama or contracting to supply goods or services in the State of Alabama.

Personal jurisdiction over a non-resident defendant must be determined on a case by case basis. The relevant facts and attendant circumstances must be examined in their relationship among the defendants, the forum and the litigation analyzed to determine if the defendant has sufficient minimum contacts so that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice," *Dillon Equities*, 501 So.2d at 461 (quoting *International Shoe v. Washington*, 326 US. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

The fundamental question is whether Defendant acted in such a manner that he or she reasonably ought to anticipate the direct consequences of his or her actions to be felt by another person residing in another state. *Keelean v. Central Bank of the South*, 544 So.2d 153 (Ala. 1989) (overruled on other grounds by *Professional Ins. Corp. v. Sutherland*, 700 So.2d 347 (Ala. 1997)). set out a two part analysis for determining whether an Alabama court can exercise personal jurisdiction over a non-resident defendant:

1.   the determination of whether it is foreseeable to that nonresident defendant that he will be sued in this state; and
2.   the determination of the degree of contact that the nonresident defendant has with this state.

*Keelean,* at 156-57.

The unchallenged testimony of Dr. Higginbotham clearly established the minimum contacts necessary to effect in personam jurisdiction over Anne Cleve. The trial judge in Alabama so held, and Anne Cleve chose not to appeal and allowed the judgment to become final. The trial court in Tennessee had no choice, under the facts presented at the July 11, 1997 hearing before the Alabama circuit court, but to grant full faith and credit to the Alabama judgment and to hold that, "This court does not have the authority to go behind the order of the Alabama court as it is not void on its face."

The judgment of the trial court is in all respects affirmed, and the case is remanded for such further proceedings as may be necessary. Costs are assessed against Appellant.

_____
WILLIAM B. CAIN, JUDGE