Linda H. Smith appeals from a summary judgment in favor of Yanmar Diesel Engine Company, Ltd. ("Yanmar"), a Japanese corporation, in her wrongful-death action against Yanmar based on the death of her husband, Lee O'Dell Smith. We reverse and remand.
This dispute arises out of an accident on January 1, 2000, in which Lee Smith was fatally injured by the rollover of a tractor manufactured and initially sold in Japan by Yanmar. "At some point in time after its initial sale and use in Japan," according to Yanmar, "the tractor came into the possession of defendant Sanko Industries (`Sanko'), an exporter of used Japanese tractors, having no affiliation with [Yanmar]." (Memorandum of Law in Support of Yanmar's Motion for Summary Judgment.) "The used tractor was then sold to Gordon E. Maynard Tractor and Farm Equipment (`Maynard') in Brownsboro, Alabama, in 1999." Id. In a complaint filed on September 11, 2000, against Yanmar, Gordon E. Maynard Tractor and Farm Equipment ("Maynard"), Sanko Industries, and others, Smith sought damages for the wrongful death of her husband on theories of negligence, wantonness, breach of warranty, and violation of the Alabama Extended Manufacturer's Liability Doctrine. *Page 1041 
In its answer to the complaint, Yanmar challenged the Madison Circuit Court's exercise of in personam jurisdiction over it. On February 27, 2002, Yanmar moved for a summary judgment on the sole ground that its contacts with Alabama were insufficient to subject it to the jurisdiction of the courts of this state. More specifically, it alleged that the tractor on which Smith was killed was a "gray-market" product, which has been defined as a product that is "imported without the knowledge or approval of a manufacturer into a market that the manufacturer serves, at a greatly reduced price." Mid-America Tire, Inc. v. PTZ Trading Ltd.,95 Ohio St.3d 367, 370, 768 N.E.2d 619, 624 (2002). See also Black's LawDictionary 983 (7th ed. 1999) ("gray-market" products include "`goods produced abroad with authorization and payment but which are imported into unauthorized markets'" (quoting Ralph H. Folsom Michael W. Gordon,International Business Transactions § 20.8 (1995))). Thus, Yanmar argued: "[It] did not `purposefully avail' itself of the Alabama market with respect to tractors designed for the domestic market in Japan. The unilateral actions of Sanko and Maynard in bringing the subject tractor into Alabama cannot create the `minimum contacts' between [Yanmar] and Alabama necessary for jurisdiction."
On April 10, 2002, Smith filed, pursuant to Ala.R.Civ.P. 56(f), a "Motion to Deny or Continue Yanmar's Motion for Summary Judgment so that Further Discovery May Be Had by Plaintiff" (the "Rule 56(f) motion").[1]
In the Rule 56(f) motion, Smith asserted:
 "Yanmar contends that it should not be subject to personal jurisdiction in this case involving a used, `gray market' tractor that Yanmar did not directly move to market in Alabama. Mrs. Smith anticipates that the outstanding subpoenas and other discovery including deposition testimony of Yanmar affiants will provide evidence showing: (1) that Yanmar was aware of the fact that used Yanmar tractors (including the tractor sub judice) were being sold in Alabama; (2) that Yanmar sold and continues to sell genuine Yanmar parts in Alabama through authorized Yanmar dealers in Alabama for those used, `gray market' tractors."
At the untranscribed hearing on Yanmar's motion for a summary judgment, Yanmar admittedly stipulated (1) that "[a]t the time of the subject accident, [Yanmar] was aware of the fact that used Yanmar tractors (including the tractor sub judice) were being sold in Alabama"; and (2) that Yanmar "sold and continues to sell genuine Yanmar parts in Alabama through authorized Yanmar dealers in Alabama for those used, `gray market' tractors." Yanmar's Brief, at 3.
On May 14, 2002, the trial court granted the summary judgment motion and certified it as a final judgment, pursuant to Ala.R.Civ.P. 54(b). On May 24, 2002, the court expressly denied the Rule 56(f) motion. From the summary judgment, Smith appealed.
On appeal, Smith contends that the trial court erred in entering a summary judgment over the objections raised in her *Page 1042 
Rule 56(f) motion, and that summary judgment was inappropriate in anyevent. Yanmar does not challenge the procedural, or substantive, sufficiency of the affidavit of Jeffrey C. Rickard, one of Smith's attorneys, offered in support of her Rule 56(f) motion, or of Smith's Rule 56(f) motion itself. Instead, Yanmar argues that its stipulation rendered moot Smith's Rule 56(f) motion. More specifically, it contends that its stipulation obviated any need for additional discovery, citingStallworth v. AmSouth Bank, 709 So.2d 458, 468 (Ala. 1997) (the nonmoving party must demonstrate that matters it seeks by further discovery are "crucial" to its case). Thus, the resolution of this case turns on the legal effect of the stipulation, in the context of the standard of review applicable to a summary judgment.
In Ex parte Dill, Dill, Carr, Stonbraker Hutchings, P.C., [Ms. 1011586, February 21, 2003] ___ So.2d ___ (Ala. 2003), also released today, this Court stated:
 "`A physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident.' Sieber v. Campbell, 810 So.2d 641, 644
(Ala. 2001). What is required, however, is that the defendant have such contacts with Alabama that it '"should reasonably anticipate being haled into court [here]."' Dillon Equities v. Palmer Cay, Inc., 501 So.2d 459, 462 (Ala. 1986) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).
 "Depending on the quality and quantity of the contacts, jurisdiction may be either general or specific. Leventhal v. Harrelson, 723 So.2d 566, 569
(Ala. 1998). `General jurisdiction applies where a defendant's activities in the forum state are "substantial" or "continuous and systematic," regardless of whether those activities gave rise to the lawsuit. . . . A court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit. Id.
 "But regardless of whether jurisdiction is alleged to be general or specific, the nexus between the defendant and the forum state must arise out of '"an action of the defendant [that was] purposefully directed toward the forum State."' Elliott [v. Van Kleef, 830 So.2d 726, 731 (Ala. 2002)] (quoting Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112 (1987)). `This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of "`the unilateral activity of another person or a third person.'"' Elliott, 830 So.2d at 731 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985))."
___ So.2d at ___.
It has been rightly observed that "a motion to dismiss is a more appropriate procedural vehicle for resolving personal jurisdiction issues than a motion for summary judgment." Bechard v. Constanzo,810 F. Supp. 579, 581 (D.Vt. 1992). Nevertheless, "where the personal jurisdiction issue is resolved on summary judgment, it is the movingparty's burden to establish that there is no genuine issue of material fact, and an entitlement to prevail as a matter of law." Hudson DrydocksInc. v. Wyatt Yachts Inc., 760 F.2d 1144, 1146 (11th Cir. 1985) (emphasis added); see also Lakeside Equip. Corp. v. Town of Chester, 795 A.2d 1174,1179 (Vt. 2002).
This rule is consistent with the summary-judgment procedure generally. That procedure is well settled:
 "`On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is *Page 1043 
no genuine issue of material fact . . . and that the movant is entitled to a judgment as a matter of law.' Attorneys Ins. Mut. of Alabama, Inc. v. Smith, Blocker Lowther, P.C., 703 So.2d 866, 868 (Ala. 1996). Only after such a showing has been made does the burden `shift to the opposing party to establish a genuine issue of material fact.' Id.; McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala. 1992)."
Weldon v. Cotney, 811 So.2d 530, 534 (Ala. 2001) (plurality opinion).
The issue presented in Yanmar's motion was whether it had "such contacts with Alabama that it '"should reasonably anticipate being haled into court [here]."'" Ex parte Dill, ___ So.2d at ___ (quoting DillonEquities v. Palmer Cay, Inc., 501 So.2d 459, 462 (Ala. 1986)). The resolution of this issue requires a penetrating analysis of the "quality
and quantity of [those] contacts," id. at ___ (emphasis added).
Yanmar stipulated that it "sold and continues to sell genuine Yanmar parts in Alabama through authorized Yanmar dealers in Alabama." This is a broad, general assertion that suggests the possibility, at least, ofsubstantial contacts with Alabama. Depending on the pervasiveness of those sales and related activities, such contacts could well constitute the sort of "continuous and systematic" activity necessary to confer on Alabama courts general jurisdiction. In other words, the stipulation essentially conceded the existence of a genuine issue of material fact, making a summary judgment inappropriate.
This concession obviated Smith's burden to produce evidence toestablish a factual dispute. Otherwise stated, because Yanmar failed to "make a prima facie showing that there is no genuine issue of material fact," the burden never shifted to Smith, the nonmovant, to "establish a genuine issue of material fact." Attorneys Ins. Mut. of Alabama, Inc. v.Smith, Blocker Lowther, P.C., 703 So.2d 866, 868 (Ala. 1996). The trial court erred, therefore, in entering the summary judgment for Yanmar.
For these reasons, the judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Moore, C.J., and Houston, Lyons, and Johnstone, JJ., concur.
[1] Rule 56(f) states:
 "Should it appear from the affidavits of a party opposing the [summary-judgment] motion that the party cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition, the court may deny the motion for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."
Smith supported her motion with an affidavit of Jeffrey C. Rickard, one of her attorneys.