LYONS, Justice
(concurring specially).
I concur fully in the main opinion. I write specially to note that in Smith v. Yanmar Diesel Engine Co., 855 So.2d 1039, 1042 (Ala.2003), this Court observed that a motion to dismiss under Rule 12(b)(2), Ala. R. Civ. P., for lack of jurisdiction over the person is “a more appropriate procedural vehicle” for resolving is *828 sues of personal jurisdiction. According to 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2713 (3d ed.1998), a summary judgment applies to an adjudication of the merits of a case, and a court lacking jurisdiction has no power to enter a judgment.
That portion of Rule 12 mandating that a motion to dismiss is converted to a motion for a summary judgment pursuant to Rule 56, Ala. R. Civ. P., when matters outside the pleadings are presented applies only to motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. I would permit a Rule 12(b)(2) motion to be accompanied by matters outside the pleadings so long as an adequate opportunity to respond, comparable to the practice under Rule 56, is permitted. However, it would exalt form over substance to allow concerns over the proper nomenclature to interfere with the appellate disposition of this proceeding. Nevertheless, out of an abundance of caution, it should be noted that, unlike the typical effect of a summary judgment going to the merits, the summary judgment in this case resolves only the amenability of Alloy Wheels to jurisdiction in an Alabama court and is not an adjudication on the merits of Vance’s claims.