**B.L. POE, Plaintiff,**

v.

**BABCOCK INTERNATIONAL, PLC, Babcock International, Inc., Acco Babcock, Inc., Defendants.**

**Civ. A. No. 84–0779.**

United States District Court, M.D. Pennsylvania.

March 14, 1985.

Mark David Frankel, Frankel & Gates, P.C., York, Pa., for plaintiff.

Michael C. Lynch, Peter F. Healey, Scott J. Wenner, Washington, D.C., for defendants.

## MEMORANDUM

RAMBO, District Judge.

Plaintiff filed a Complaint on June 8, 1984, alleging wrongful discharge, breach of implied contract, and age discrimination on the part of his employer, Acco Babcock, Inc., Babcock International, plc and Babcock International, Inc. Defendant Acco Babcock, Inc. answered the Complaint on

August 3, 1984. On that same day, two motions to dismiss were filed by the defendants. Supporting briefs and reply briefs were filed by all parties with respect to both motions. The motion that will be addressed in this memorandum is the motion of defendants Babcock International, plc and Babcock International, Inc. to dismiss for lack of personal jurisdiction.

## I. Background

According to the facts set forth in plaintiff's Complaint and uncontroverted as yet by defendants, plaintiff was formerly an employee of Acco Babcock, Inc. (hereinafter referred to as Acco). Acco is a wholly owned subsidiary of Babcock International, Inc. (hereinafter referred to as Babcock). Babcock, in turn, is completely owned by Babcock International, plc (hereinafter referred to as Babcock International). Though the harms alleged by plaintiff in his Complaint relate to his employment with Acco, plaintiff has joined Acco's parent corporations as defendants.

Babcock and Babcock International assert that this court does not have personal jurisdiction over them. Babcock is a Delaware corporation with its principal place of business in Connecticut, while Babcock International is an English corporation with its principal place of business in London, England. Neither of these corporations has offices or conducts business in Pennsylvania.

On January 12, 1983, plaintiff was given notice of the termination of his employment with Acco. Plaintiff had worked with Acco and Acco's predecessor, American Chain and Cable Company, since 1960. By 1980, he advanced to the position of Vice President and General Manager of the Hoist and Crane Division of Acco. Plaintiff claims that he was maliciously and arbitrarily terminated by defendants and that defendants' action was a breach of an implied contract of continued long-term employment.

Because plaintiff does not dispute the fact that neither Babcock nor Babcock International have any offices or regularly conduct business in Pennsylvania, the basis for his assertion that this court has jurisdiction over the two corporations in question seems to be the existence of a parent-subsidiary relationship. In his Supplemental Memorandum filed on November 13, 1984, plaintiff speculates that Acco is controlled in its operations and day-to-day decisions by Babcock and Babcock International. Plaintiff especially emphasizes the fact that there are several directors who serve on the boards of two or all three of the defendant corporations.

Defendants Babcock and Babcock International assert that the decision to terminate plaintiff was wholly the decision of an officer of Acco. On a larger scale, they assert that the three defendants are completely separate corporations and that Acco, although it is a subsidiary, is not controlled by its two parent corporations. Therefore, Babcock and Babcock International argue that they lack the minimum contacts with Pennsylvania for this court to exercise personal jurisdiction.

## II. Discussion

This court's authority to maintain personal jurisdiction over non-resident defendant corporations in a diversity case such as this is based on Pennsylvania's long-arm statute. *Walters v. St. Elizabeth Hospital Medical Center*, 543 F.Supp. 559 (W.D.Pa. 1982). That statute provides as follows:

The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person....

(2) Corporations—

(i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.

(ii) Consent to the extent authorized by the consent.

(iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

42 Pa.C.S.A. § 5301.

Babcock International is not incorporated under the laws of Pennsylvania, is not

qualified as a foreign corporation in Pennsylvania, and has not consented to the jurisdiction of Pennsylvania courts (Lunn affidavit, paragraph 4). According to defendants' assertion on pages 23 and 24 of their Memorandum in Support of the Motion to Dismiss, this is also true of Babcock.

The critical issue for this court's consideration is whether Babcock and Babcock International have carried on a continuous and systematic business in Pennsylvania through their relationship with Acco such that they are subject to the jurisdiction of this court. However, because plaintiff has petitioned for an opportunity to conduct discovery on this issue, the court will also address the question of whether plaintiff should be given leave to do so prior to disposition of defendants' motion.

## A. Personal Jurisdiction

■ It is an established principle of law that even though a parent corporation is not located in or personally doing business in a state, the parent may be subject to the jurisdiction of that state if a subsidiary located therein is deemed to be merely an "alter ego" of the parent. *Indian Coffee Corp. v. Procter and Gamble Co.*, 482 F.Supp. 1098, 1104 (W.D.Pa.1980). The question of whether a non-resident parent corporation is subject to the jurisdiction of a state via the presence in that state of a subsidiary was addressed by the Supreme Court in *Cannon Manufacturing Company v. Cuhady Co.*, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925). In that case, a North Carolina corporation brought an action against an Alabama corporation which had an office in North Carolina. Because the Alabama corporation was wholly owned by a Maine corporation, the plaintiff also made the Maine corporation a defendant. The Maine corporation did not have offices in North Carolina and therefore objected that the federal court in North Carolina did not have personal jurisdiction over it.

The Court found as a factual matter, that the Maine corporation dominated and controlled the Alabama corporation through its ownership of the stock of the Alabama corporation, but that the two cor-

porations were distinct corporate entities. Affirming the lower court's dismissal of the action against the Maine corporation, the Court held that the separation between the two corporations was sufficient to prevent the Maine corporation from being amenable to suit in North Carolina. *Id.* at 336–337, 45 S.Ct. at 251.

"Pennsylvania, like most jurisdictions, has adopted the *Cannon* rule." *Indian Coffee Corp., supra,* at 1104, citing *Botwinick v. Credit Exchange Inc.*, 419 Pa. 65, 213 A.2d 349 (1965). As a result, this court is obligated to apply the *Cannon* rule to the facts in the present case.

■ It is undisputed that Acco, like the Alabama corporation in *Cannon*, is a wholly owned subsidiary of Babcock, which in turn is wholly owned by Babcock International. However, the affidavits which have been submitted by the defendants indicate that each of the three corporations is a separate entity, each having its own bylaws, articles of incorporation and board of directors. Defendants admit that the boards of the three companies share several directors, and plaintiff emphasizes this fact in its reply to defendants' Motion to Dismiss.

Where a parent company constitutes one hundred percent of the stockholders of the subsidiary, it is to be expected that there will be directors which are common to the boards of both. It is quite possible that those who occupy such positions might exercise some degree of control over the subsidiary. Nevertheless, as long as the corporations are separate entities, the subsidiary will not be deemed to be the "alter ego" of the parent, no matter how much control the parent exercises. *Cannon, supra.*

In *Bellomo v. Pennsylvania Life Co.*, 488 F.Supp. 744 (S.D.N.Y.1980), the plaintiff sought to establish jurisdiction over the defendant on the basis of actions taken by the defendant's subsidiaries. The court held that:

Where a holding company is nothing more than an investment mechanism—a device for diversifying risk through corporate acquisitions—the subsidiaries con-

duct business not as its agents but as its investments. The business of the parent is the business of investment, and that business is carried out entirely at the parent level. Where, on the other hand, the subsidiaries are created by the parent, for tax or corporate finance purposes, to carry on business on its behalf, there is no basis for distinguishing between the business of the parent and the business of the subsidiary. There is a presumption, in effect, that the parent is sufficiently involved in the operation of the subsidiaries to become subject to jurisdiction.

*Id.,* at 746.

Defendant Acco was a separate corporate entity long before it was acquired by Babcock and, indirectly, by Babcock International. According to defendants' brief, and undisputed by plaintiff, Acco was originally incorporated as American Chain Company in 1912 and was not acquired by the other two defendants until 1976. Both Babcock and Babcock International are holding companies which have acquired other manufacturing companies on a worldwide basis. It appears that Acco has been acquired for investment purposes, as referred to in *Bellomo, supra,* and was *not* created by Babcock and Babcock International for tax or finance purposes to carry on their business.

Upon the basis of the facts as they have been presented in defendants' affidavits and undisputed thus far by plaintiff, the court finds that the three defendants, though related in a parent-subsidiary fashion, are separate corporate entities. Therefore, this court does not have personal jurisdiction over Babcock or Babcock International through plaintiff's former employer, Acco. The remaining question is whether plaintiff should be given an opportunity, through discovery, to obtain additional facts in order to support his assertion that this court does have jurisdiction.

**B. Discovery**

In proceeding upon an issue of jurisdiction, the trial court may gather evidence by affidavits, or it may accord an opportunity for discovery to aid the establishment of jurisdiction. 27 Fed.Proc., L.Ed. § 62:376. In the case at hand, defendants Babcock and Babcock International have extensively briefed the issue of personal jurisdiction. Those briefs are accompanied by the affidavits of Mr. Lunn, Secretary of Babcock International, Mr. Krehbiel, a director and officer of Acco, and Mr. Pilz, an officer of Acco. No affidavits have been supplied to this court by plaintiff, and the memoranda which have been filed in response to defendants' motion contain speculation, but no facts by which jurisdiction can be established. The matters of speculation in plaintiff's final memorandum concerned the interlocking of directorates of the three defendants. As stated above, however, some interlocking of directorates between parent and subsidiary companies is not a sufficient basis on which personal jurisdiction can be established.

It is plaintiff's burden to prove the existence of jurisdiction over Babcock and Babcock International. *Indian Coffee, supra,* at 1102. Applying the *Cannon* rule, that burden can only be met by a showing that the three defendants are not separate corporate entities. Plaintiff has failed to produce any evidence that Acco is a mere "alter ego" of the other defendants and, therefore, has not met his burden. Since plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter must be denied. It would be inappropriate for this court to allow plaintiff to conduct a fishing expedition in order to construct a basis for jurisdiction. *Leema Enterprises, Inc. v. Willi,* 575 F.Supp. 1533 (S.D.N.Y.1983). Defendants Babcock and Babcock International's Motion to Dismiss for Lack of Personal Jurisdiction will be granted.

Having found that this court has no personal jurisdiction over Babcock and Babcock International, it is not necessary to address defendants' arguments concerning service of process or the PHRC claim.