On Application for Rehearing
The opinion of August 22, 1997, is hereby withdrawn and the following is substituted therefor:
Ronald S. Leventhal appeals from a default judgment entered against him and in favor of Alfred Halrelson, Ed Greenwood, and Dick Sawyer, as trustees for the East Alabama Auto Parts Purchase Pension Plan, on their claims against him alleging breach of contract, fraud, misrepresentation, negligence, willfulness, recklessness, and breach of fiduciary duty. We affirm.
The record reflects the following pertinent facts: In 1986, Alfred Harrelson, Ed Greenwood, and Dick Sawyer, as trustees for the East Alabama Auto Parts Purchase Pension Plan, made an investment of $50,000 in a limited partnership known as Butler Creek Center, Ltd.[1] Before making the investment, the Trustees, on the recommendation of the defendant Martin ("Marty") Greene, who worked at the administrative firm servicing the Pension Plan, traveled to Georgia to meet with Mr. Leventhal regarding the potential investment.[2] According to both Leventhal and the trustees, upon their return to Alabama the trustees expressed reservations about whether to make the investment. According to the trustees, Mr. Greene assured them the investment was safe and secured for them a letter from Mr. Leventhal stating:
 "This letter will serve as our agreement with respect to your pension plan being a limited partner in the above referenced investment. If by April 1, 1988, the above referenced property has not been sold, and you no longer wish to continue in your limited partnership arrangement, I will pay you all monies that you have paid into the partnership, including interest at the rate of 11% per annum on the paid in monies, for the time your money was invested. I will receive all rights, title and interest to your position in exchange therefore, at that time.
 "If Butler Creek is sold to any party in the next few months, you agree to, and hereby authorize, the investment of $50,000.00 into the office and shopping center property at Austell and Callway Road. The funds would be available to you at the same date and terms as set forth above, if you desire. If such a sale or deposition [sic] occurs, you will receive a $5,000.00 profit for your investment.
 "As I mentioned, you are receiving one of the units already owned by a partner. *Page 568 
As such, you are an assignee of the such unit [sic]. I will admit you as a substitute limited partner, if we do not sell in the next couple of months. '
The plaintiffs contend that this letter agreement was mailed from Georgia to Alabama. The letter was signed by Ronald S. Leventhal, and it purported to be "Agreed to and acknowledged by: Alfred Harrelson, Trustee, East Alabama Autoparts Money Purchasing Pension Plan." The trustees invested in the partnership; however, on April 14, 1988, Alfred Harrelson requested, by a letter addressed to Mr. Leventhal, that Mr. Leventhal perform in accordance with the letter agreement and ' buy out" the pension plan's investment. According to the trustees, when Mr. Leventhal refused to perform in accordance with this agreement, they sued him and Greene.
The trial in this case was originally set for September 16. 1996; however, the trial court granted the plaintiffs' motion for a default judgment on August 7, 1996, and set the hearing on damages for September 11, 1996. On September 11, the defendant failed to appear. The following order was entered on September 17:
 "This cause came on to be heard on September 11, 1996, upon the issue of damages. Present in Court on that date were Plaintiffs and Plaintiffs' counsel. The Defendants did not appear, nor were Defendants represented. Further, the case was called up for- trial on September 16, 1996. Defendants did not appear at the trial docket for this action. It was, however, disclosed to the Court by Plaintiffs that a pro tanto settlement agreement had been reached with Defendant, Marty Greene, for the sum of Seven Thousand Five Hundred and NO/100 Dollars ($7,500.00) via consent arrangement. This settlement was confirmed via an oral acknowledgement to the Court by counsel for Defendant, Marty Green.
 "The Plaintiffs withdrew their jury demand. The Plaintiffs presented certain evidence in support of this Judgment on the pleadings, in support of a default and in support of damages on the Plaintiffs' Complaint. The Plaintiffs presented the following:
 "1. The deposition of Plaintiff, Alfred Harrelson.
 "2. The letter of Defendant, Ronald S. Leventhal which accompanied a Motion to Dismiss Defendant Ronald Leventhal's prior bankruptcy petition in the U.S. Bankruptcy Court for the Northern District of Georgia, Atlanta Division.
 "3. The Plaintiffs' Complaint and the contract/letter attached thereto as an exhibit.
 "4. A financial schedule reflecting interest rates and damages on Plaintiffs' contract claim.
 "5. The exhibits reflected on Plaintiffs' initial exhibit list, including discovery responses by the parties and the Defendant's pleadings.
 "6. Correspondence from Defendant, Ronald S. Leventhal, addressing earlier scheduled depositions and the Defendant's purported failure to appear for scheduled depositions along with correspondence to Defendant, Leventhal's, presumed counsel in Atlanta, Georgia, addressing service of process upon Defendant, Leventhal.
 "7. Affidavits regarding service of process (as reflected in Plaintiffs' initial exhibit list).
 "The Court has also reviewed the Court tile in this matter. The Court notes that Defendant, Ronald S. Leventhal, failed to appear at the September 11th hearing or at the trial docket on September 16, 1996. Further, Defendant, Ronald S. Leventhal, although having filed various written notices and motions with the Court, pro se, has failed to appear at any prior docket call, hearing or other appearance scheduled by this Court on earlier occasions, including the trial docket setting for September 16, 1996. The Court further notes that Defendant, Ronald S. Leventhal, has filed no discovery certificates with the Court regarding any discovery responses or discovery requests.
 "In light of the foregoing and after consideration and review of the Court file, the evidence and exhibits presented to the Court and following argument of counsel, a *Page 569 
Judgment is hereby entered in favor of Plaintiffs and against Defendant, Ronald S. Leventhal, in the sum of One Hundred Seventy Thousand Nine Hundred Thirty-four and 02/100 Dollars ($170,934.02) in compensatory damages and in the sum of Two Hundred Fifty Thousand and NO/100 Dollars ($250,000.00) in punitive damages, plus costs of Court for which let execution issue.
 "The Clerk/Register is directed to forward a copy of this order to all attorneys of record and/or parties pro se.
 "DONE AND ORDERED this the 17th day of September, 1996."
(C.R. at 472-73.) Leventhal appeals the default judgment, arguing, in part, that the court did not have personal jurisdiction over him.
Rule 4.2(a)(2), Ala. R. Civ. P., states the requirements for personal jurisdiction over a nonresident defendant:
 "(2) Sufficient Contacts. A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's:
". . .
 "(I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirement of subdivisions (A)-(H) of this subsection (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the constitution of the United States."
Due process requires that the defendant have such contacts with the forum that being sued there does not offend the "traditional notions of fair play and substantial justice." International ShoeCo. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95
(1945). These contacts must be established by the defendant's purposeful acts. Id. Personal jurisdiction over a nonresident defendant may be either general or specific. HelicopterosNacionales de Colombia., S.A. v. Hall., 466 U.S. 408,104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). General jurisdiction applies where a defendant's activities in the forum state are "substantial" or "continuous and systematic," regardless of whether those activities gave rise to the lawsuit. Helicopteros. A court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit. Id.
The essential element of personal jurisdiction is that the defendant could have reasonably anticipated that the effects of his acts would be felt by the plaintiff in Alabama. Baker v.Bennett, 603 So.2d 928 (Ala. 1992), cert. denied, 507 U.S. 912,113 S.Ct. 1260, 122 L.Ed.2d 658 (1993).
The defendant Leventhal is a resident of Georgia. The evidence in the record suggests that Marty Greene, Leventhal's investment partner and codefendant, recommended the investment to the trustees of the Pension Plan. The trustees traveled to Georgia to meet with Leventhal. When the trustees, upon returning to Alabama, had misgivings about making the investment, Greene assured them it was safe and he secured for them the letter agreement from Leventhal. The letter agreement was by Leventhal individually and was mailed to the plaintiffs in Alabama.
The plaintiffs relied heavily on the letter from Leventhal wherein he stated that the investment was sound. Relying on Leventhal's letter, the plaintiffs paid Leventhal. However, Leventhal never repaid the original investment plus interest, as he agreed in the letter to do if the investment property was not sold.
Leventhal argues that because he never traveled to Alabama to discuss the investment in Georgia, he is not subject to personal jurisdiction in Alabama. However, there is no requirement that the defendant physically enter the forum state. Burger King Corp.v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528
(1985). In Duke v. Young, 496 So.2d 37 (Ala. 1986), we held that an Alabama resident could maintain a *Page 570 
fraud action against six Georgia residents where the six had never traveled to Alabama or conducted negotiations in Alabama.
"[T]he reality of modern commercial life is that many transactions take place solely by mail or wire across state lines, obviating the need for physical presence in the state toward which the defendant's activities are directed." Shute v.Carnival Cruise Lines, 897 F.2d 377, 382 (9th Cir. 1990), rev'd on other grounds, 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622
(1991). In CompuServe, Inc. v. Patterson, 89 F.3d 1257 (6th Cir. 1996), the court held that so long as the nonresident commercial actor's efforts are purposefully directed toward residents of the forum state, the lack of physical presence does not bar the exercise of personal jurisdiction. In CompuServe, the nonresident defendant subscribed to a computer network service based in the forum state. The nonresident developed computer software known as "shareware" and entered into an ongoing contract with the service to have his shareware distributed through the service. The court held that he had availed himself of the benefits of doing business in the forum state.
Leventhal also argues that the plaintiffs initiated the contact with him, the nonresident. However, "who started it" is just one factor to consider in determining whether the defendant is subject to personal jurisdiction. Resuscitation Technologies,Inc. v. Continental Health Care Corp., (No. 96-1457, March 24, 1997) (S.D.Ind. 1997) (not reported in F. Supp.).
Leventhal's activities were directed toward residents of the forum state. He knew from conversations with Greene that the plaintiffs were unsure of the investment. In response, Leventhal made written promises and representations that induced the plaintiffs to make the investment. Accordingly, the trial court had personal jurisdiction over Leventhal.
It is evident from the record that Leventhal attempted to avoid service of process. (C.R. 16, 42-46.) Leventhal would not cooperate with the plaintiffs in scheduling discovery. (C.R. 90-92.) He also failed or refused to show up at any hearing, docket call, or other court proceeding or to comply with the trial court's orders. (C.R. 476-78.) Conduct committed willfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside.Storage Equities, Inc. v. Kidd, 579 So.2d 605 (Ala. 1991).
Because the trial court had personal jurisdiction over Leventhal and because Leventhal willfully refused to appear, we affirm the trial court's default judgment.
It is clear under Alabama's Rules of Procedure that when a defendant challenges the court's personal jurisdiction and the trial court overrules the challenge, the issue of personal jurisdiction is preserved for appeal. However, the defendant must proceed with the case on the merits.
OPINION OF AUGUST 22, 1997, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, and HOUSTON, JJ., concur.
COOK and SEE, JJ., dissent.
[1] Buller Creek Center. Ltd., later became Cumberland Creek Center, Ltd.
[2] The plaintiffs settled their claims against Martin Greene, and he is not a party to this appeal.