YATES, Judge,
concurring specially.
I agree with the majority that McCor-kle’s contact with Alabama is such that it does not offend the “traditional notions of fair play and substantial justice” to require him to come to Alabama to defend this claim.
The United States Supreme Court has interpreted the Due Process Clause of the Fourteenth Amendment to the United States Constitution to require that a nonresident defendant have “certain minimum contacts” with the state before that state can subject the nonresident to a lawsuit in the courts of that state. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). These contacts must be established by the defendant’s purposeful acts. Id. Two kinds of contacts give rise to personal jurisdiction: general contacts and specific contacts. Leventhal v. Harrelson, 723 So.2d 566 (Ala.1998), citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).
“General contacts, which give rise to general personal jurisdiction, consist of the defendant’s contacts with the forum state that are unrelated to the cause of action and that are both ‘continuous and systematic.’ Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Ex parte Kamilewicz, 700 So.2d 340 (Ala.1997); Ex parte Newco Mfg. Co., 481 So.2d 867 (Ala.1985). Specific contacts, which give rise to specific personal jurisdiction, consist of the defendant’s contacts with the forum state that are related to the cause of action. Burger King Co. v. Rudzewicz, 471 U.S. 462, 472-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. Id.”
Ex parte Phase III Constr., Inc., 723 So.2d 1263, 1266 (Ala.1998) (Lyons, J., concurring in the result).
In the present case, the evidence indicates that McCorkle initiated contact with United Machine & Supply and asked to lease equipment. McCorkle then sent a driver to pick up that equipment and gave him the authority to execute a lease on his behalf. Rather than keep the equipment for one week, as he had originally stated he would, McCorkle kept that equipment for several weeks and did not return it until Hagood, the president of United Machine, pursued legal action. Accordingly, I believe McCorkle’s contact gives rise to specific personal jurisdiction.