BROWN, Justice.
Covington Pike Dodge, Inc. (“Covington Pike”), a Delaware corporation whose principal place of business is in Tennessee, petitions for a writ of mandamus directing the trial court (1) to vacate its order denying Covington Pike’s motion to dismiss, for lack of personal jurisdiction, the claims of Lana M. Henderson against it, and (2) to enter an order dismissing Henderson’s claims against it. We grant the petition and issue the writ.

Facts and Procedural History

On February 28, 2002, Lester Williams purchased a used 1993 Honda Accord automobile from Covington Pike, a motor-vehicle dealership. At the time of the transaction, Williams resided in Mississippi and *229 Covington Pike’s dealership was located in Memphis, Tennessee. Williams was an employee of Covington Pike, and the Accord was delivered to him on the day of the purchase. On March 2, 2002, Stanley Smith was driving Williams’s Accord when it collided with an automobile being driven by Henderson. The accident occurred in Marion County, Alabama. Both Smith and Williams, who was a passenger in the Accord, died from injuries sustained in the collision; Henderson was severely injured.
On July 30, 2002, Henderson sued Bud Purser, as administrator of the estate of Stanley Smith and as administrator of the estate of Lester Williams; Covington Pike; and Alfa Mutual Insurance Company, which provided uninsured/underinsured-motorist insurance to Henderson, in the Marion Circuit Court. The complaint alleged, among other things, that Covington Pike owned or had a right of control over the Accord, and that it had negligently and/or wantonly entrusted the Accord to Smith. Furthermore, the complaint alleged that Covington Pike negligently, recklessly, and wantonly exercised or failed to exercise supervisory control over the Accord.
On September 3, 2002, Covington Pike filed a motion to dismiss pursuant to Rule 12(b)(2), Ala. R. Civ. P., arguing that the Marion Circuit Court lacked personal jurisdiction over it; the same motion sought, in the alternative, a summary judgment on the merits of Henderson’s claims against Covington Pike (the motion is hereinafter referred to as “the motion to dismiss”). Henderson filed an opposition to the motion to dismiss on August 4, 2003. In an order dated October 7, 2003, the trial court denied the motion to dismiss and reserved ruling on the summary-judgment aspect of the motion. This order was filed with the clerk of the Marion Circuit Court on November 17, 2003. Covington Pike then filed this petition for the writ of mandamus.

Standard of Review

 “[A] petition for a writ of mandamus is the proper device by which to challenge the denial of a motion to dismiss for lack of in personam jurisdiction. See Ex parte McInnis, 820 So.2d 795 (Ala.2001); Ex parte Paul Maclean Land Servs., Inc., 613 So.2d 1284, 1286 (Ala.1993). ‘ “An appellate court considers de novo a trial court’s judgment on a party’s motion to dismiss for lack of personal jurisdiction.” ’ Ex parte Lagrone, 839 So.2d 620, 623 (Ala.2002) (quoting Elliott v. Van Kleef, 830 So.2d 726, 729 (Ala.2002)). Moreover, ‘[t]he plaintiff bears the burden of proving the court’s personal jurisdiction over the defendant.’ Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir.2002).”
Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So.2d 519, 525 (Ala. 2003).
“ ‘In considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiffs complaint not controverted by the defendant’s affidavits, Robinson v. Giar-marco & Bill, P.C., 74 F.3d 253 (11th Cir.1996), and Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829 (11th Cir.1990), and “where the plaintiffs complaint and the defendant’s affidavits conflict, the ... court must construe all reasonable inferences in favor of the plaintiff.” Robinson, 74 F.3d at 255 (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990)).’ ”
Wenger Tree Serv. v. Royal Truck & Equip., Inc., 853 So.2d 888, 894 (Ala.2002) (quoting Ex parte McInnis, 820 So.2d 795, 798 (Ala.2001)). However, if the defendant makes a prima facie evidentiary showing *230 that the Court has no personal jurisdiction, “the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.” Mercantile Capital, LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247 (N.D.Ala.2002)(citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir.2000)). See also Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75 (D.Del.l995)(“When a defendant files a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.”) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir.1984)).[1]

Discussion

Covington Pike argues in its petition that it did not have sufficient contacts with the State of Alabama to subject it to the jurisdiction of the trial court. Therefore, it argues, the trial court erred in denying its motion to dismiss. We agree.
“ ‘A physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident.’ Sieber v. Campbell, 810 So.2d 641, 644 (Ala.2001). What is required, however, is that the defendant have such contacts with Alabama that it ‘ “should reasonably anticipate being haled into court [here].” ’ Dillon Equities v. Palmer & Cay, Inc., 501 So.2d 459, 462 (Ala.1986) (quoting World-Wide Volksivagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).
“Depending on the quality and quantity of the contacts, jurisdiction may be either general or specific. Leventhal v. Harrelson, 723 So.2d 566, 569 (Ala.1998). ‘General jurisdiction applies where a defendant’s activities in the forum state are “substantial” or “continuous and systematic,” regardless of whether those activities gave rise to the lawsuit.... A court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit.’ . Id.
“But regardless of whether jurisdiction is alleged to be general or specific, the nexus between the defendant and the forum state must arise out of ‘ “an action of the defendant [that was] purposefully directed toward the forum State.” ’ Elliott [v. Van Kleef, 830 So.2d 726, 731 (Ala.2002) ] (quoting Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)). ‘This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of “ ‘the unilateral activity of another person or a third person.’ ” ’ Elliott, 830 So.2d at 731 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).”
Dill, 866 So.2d at 525-26 (emphasis omitted). In light of these principles, this Court must determine whether Covington Pike has had sufficient contacts with Alabama to subject it to either general or specific jurisdiction.
In support of its motion to dismiss, Cov-ington Pike included the affidavit of Der *231 rick Daniels, its general manager. Daniels’s affidavit states, in pertinent part:
“Covington Pike incorporated in the State of Delaware on June 18, 1991. Since that date, Covington Pike has maintained its sole office and sole place of business in Memphis, Tennessee. Covington Pike has no offices located outside of Memphis, Tennessee. Cov-ington Pike’s primary corporate purpose is to sell and service vehicles in Tennessee. In connection with that corporate purpose, Covington Pike did not conduct any business of any kind within the State of Alabama in March of 2002, nor does it conduct any business in Alabama presently. It is not qualified to do business in Alabama and has not availed itself of the privilege of conducting business in Alabama. Covington Pike does not have a dealership in Alabama, nor does it have any employees in Alabama, nor does Covington Pike own any real property or personal property therein. Covington Pike does not advertise its services in Alabama.
“On February 28, 2002, Covington Pike sold a 1993 Honda Accord [automobile] ... to Lester Williams, now deceased. The sale was completed and the vehicle delivered to him in Memphis, Tennessee, at the dealership. At no time thereafter, did Covington Pike possess the vehicle or claim any right, title or interest in the vehicle or maintain control or dominion over the vehicle.
“Although on March 2, 2002 Lester Williams was an employee of Covington Pike he was not on duty at the time of the accident in Alabama. At the time of the accident Lester Williams was not on any errand for Covington Pike, was not performing any acts or providing any services for Covington Pike and Coving-ton Pike was both unaware of his activities and location at that time of the accident. Covington Pike did not direct any activities of Mr. Williams at the time of the accident or at any time material hereto.
“At no time has Stanley Smith ever been an agent, servant or employee of Covington Pike, and, at the time of the accident sued upon, Covington Pike was not controlling his activities.”
Attached to the affidavit were, among other things, several documents detailing the sale of the Accord to Williams; among those documents were a “car invoice and bill of sale,” a buyer’s order, an odometer disclosure statement, and certain title documents.
“ ‘General contacts, which give rise to general personal jurisdiction, consist of the defendant’s contacts with the forum state that are unrelated to the cause of action and that are both “continuous and systematic.” ’ ” Elliott v. Van Kleef, 830 So.2d 726, 730 (Ala.2002) (quoting Ex parte Phase III Constr., Inc., 723 So.2d 1263, 1266 (Ala.1998) (Lyons, J., concurring in the result), quoting in turn Helicopteros Nacionales de Colombia, S.A v. Hall, 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). Daniels’s affidavit establishes that at the time of the accident that is the subject of this litigation, Covington Pike did no business in the State of Alabama and had no presence or contacts in Alabama. Additionally, Henderson does not argue that Covington Pike has had contacts in Alabama unrelated to her cause of action. Because Covington Pike clearly has not had “continuous and systematic” contacts with Alabama, Henderson did not demonstrate that the trial court could exercise general jurisdiction over Covington Pike.
“ ‘Specific contacts, which give rise to specific jurisdiction, consist of the defendant’s contacts with the forum state that are related to the cause of action.’ ” *232 Elliott, 830 So.2d at 730 (quoting Phase III Constr., 723 So.2d at 1266 (Lyons, J., concurring in the result)). Henderson’s complaint alleges that Covington Pike had a right of control over the Accord and that it was negligent or wanton in entrusting the Accord to Smith or in exercising supervisory control over the Accord while it was in Alabama.
Daniels’s affidavit and the documentary evidence presented by Covington Pike, however, directly refute the factual assertions in Henderson’s complaint. Specifically, the evidence shows that while Williams was an employee of Covington Pike, he was not on duty at the time of the accident, was not performing services for his employer at that time, and was not otherwise under Covington Pike’s supervision or control. Additionally, the evidence shows that Covington Pike delivered the Accord to Williams and relinquished all ownership and control of the automobile at that time. Finally, the evidence shows that Covington Pike had no supervisory power or control over Smith’s actions. Therefore, Covington Pike’s evidence disproved the factual allegations asserted in Henderson’s complaint that would establish specific jurisdiction and constituted a prima facie showing that no specific jurisdiction existed. Henderson was thus required to substantiate her jurisdictional allegations with affidavits or other competent evidence.
The only exhibit attached to Henderson’s opposition to the motion to dismiss does not address the jurisdiction issue. Henderson argues in her answer to Covington Pike’s petition, however, that she did not have an adequate opportunity to conduct discovery and that Covington Pike has “refused” to allow Henderson to depose anyone who works for Covington Pike. Thus, she maintains, she should be allowed the opportunity to conduct more discovery on the issue of personal jurisdiction. We disagree.
“ ‘[A] plaintiff does not enjoy an automatic right to discovery pertaining to personal jurisdiction in every case.’ ” Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So.2d 459, 468 (Ala.2003) (quoting Andersen v. Sportmart, Inc., 179 F.R.D. 236, 241 (N.D.Ind.1998)). The materials submitted with the petition for writ of mandamus[2] indicate that Henderson served on Covington Pike interrogatories and a request for the production of certain documents. Covington Pike filed the motion to dismiss on September 3, 2002, and responded to Henderson’s discovery requests in early October 2002. There is no evidence in the record establishing what actions Henderson took in the 11 months before she filed her response to the motion to dismiss to obtain the evidence she now asserts she requires. Moreover, Henderson argued before the trial court that Covington Pike’s motion to dismiss pursuant to Rule 12(b)(2) was due to be denied only because the allegations in her complaint, if true, demonstrated the court’s personal jurisdiction over Coving- *233 ton Pike.[3] Henderson did not argue that additional discovery was required for her to gain evidence to establish personal jurisdiction over Covington Pike. Instead, Henderson’s arguments opposing Coving-ton Pike’s motion for a summary judgment argued that more discovery was required before she could respond to that particular motion. However, Henderson did not file an affidavit pursuant to Rule 56(f), Ala. R. Civ. P., requesting additional time in which to conduct discovery. See Herring v. Parkman, 631 So.2d 996, 1002 (Ala.1994) (noting that Rule 56(f) “requires from the party opposing the summary judgment motion an affidavit stating the reasons why he cannot present essential facts”).[4]
The facts before us demonstrate that Henderson had the opportunity to discover evidence to support her claim that the trial court had personal jurisdiction over Cov-ington Pike. Moreover, Henderson never requested from the trial court additional time in which to discover such evidence. Instead, Henderson simply speculates before this Court that a deposition could uncover evidence indicating that Covington Pike had ownership or control over the Accord, despite Covington Pike’s clear evidence to the contrary.
“ ‘[A] plaintiffs discovery request [for evidence to demonstrate personal jurisdiction] will nevertheless be denied if it is only based upon “bare,” “attenuated,” or “unsupported” assertions of personal jurisdiction, or when a plaintiffs claim appears to be “clearly frivolous.” ’ ” Troncalli, 876 So.2d at 468 (quoting Andersen, 179 F.R.D. at 242). Henderson’s bare allegations that additional discovery could possibly reveal evidence establishing personal jurisdiction — coupled with her failure to seek more time in which to conduct such discovery — do not entitle her to further discovery on that issue. See Hansen v. Neumueller GmbH, 163 F.R.D. at 476 (“This Court is not bound to accept as true the allegations in plaintiffs complaint for the purposes of determining whether plaintiff has made a minimal showing so as to entitle him to discovery on the issue of personal jurisdiction.... [A] plaintiff may not rely on the bare allegations in his complaint to warrant further discovery.”); Poe v. Babcock Int’l, plc, 662 F.Supp. 4, 7 (M.D.Pa.1985) (“Since plaintiff has met defendants’ affidavit evidence with mere speculation, plaintiffs request for an opportunity to conduct discovery on the matter must be denied.”).

Conclusion

The trial court erred in not granting Covington Pike’s motion to dismiss the claims against it for lack of personal jurisdiction. The trial court is therefore directed (1) to vacate its order denying Coving-ton Pike’s motion to dismiss and (2) to dismiss Henderson’s claims against Cov-ington Pike.
*234 PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, HARWOOD, and STUART, JJ., concur.

. "The Alabama Rules of Civil Procedure are based upon, and are virtually identical to, the Federal Rules of Civil Procedure. A presumption therefore arises that cases construing the federal rules are authority for construing the Alabama rules." Alabama Federal Sav. & Loan Ass’n v. Howard, 534 So.2d 609, 614 (Ala.1988). .

. The materials reviewed by this Court in considering a petition for writ of mandamus consist of exhibits provided by the parties:
"[A] petitioner for a writ of mandamus is obliged to provide with the petition ‘copies of any order or opinion or parts of the record that would be essential to an understanding of the matters set forth in the petition.’ Rule 21(a), Ala. R.App. P. In the event the petition is not denied, the respondent is directed to file an answer to the petition, which provides the respondent with an 'opportunity to supplement the "record” by attaching exhibits of its own.
Ex parte Fontaine Trailer Co., 854 So.2d 71, 74 (Ala.2003) (quoting Ex parte Miltope Corp., 522 So.2d 272, 273 (Ala.1988)).

. Henderson argues before this Court, as she did before the trial court, that a dismissal for lack of personal jurisdiction is proper only when it appears beyond a doubt that the plaintiff can prove no set of facts that would support personal jurisdiction. However, it appears that Henderson is referring to the standard applied in examining a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), not a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).

. In addition, Henderson’s answer to the petition for the writ of mandamus states that she needs additional discovery not to establish personal jurisdiction, but instead to gain evidence for trial: "CT]he discovery and depositions Henderson seeks to take are not depositions to determine if the courts of this state can exercise jurisdiction over Covington Pike, but rather, is Covington Pike legally liable or responsible for the injuries she suffered and has complained of in this litigation.” (Henderson’s answer at 10.)