[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 559 
Unitrin, Inc., petitions this Court for a writ of mandamus directing the trial court (1) to vacate its order denying Unitrin's motion to dismiss Darrell Ware's claims against it for lack of personal jurisdiction, and (2) to enter an order dismissing Ware's complaint insofar as it asserts claims against Unitrin. We grant the petition.
 I. Factual Background
Ware sued Unitrin, United Insurance Company of America ("United"), and Winchell Jenkins, stating claims arising out of the defendants' alleged fraudulent collection of premiums on a lapsed life-insurance policy. Unitrin moved to dismiss the claims against it on the ground of lack of personal jurisdiction. After a hearing, the trial court denied Unitrin's motion to dismiss Ware's claims against it.
Ware alleges in his complaint that United did business and had its principal place of business in Tallapoosa County during the relevant time period made the basis of the action. Ware makes no similar averment about Unitrin, although the complaint refers to Unitrin, on information and belief, as a "domestic corporation." Ware refers to Jenkins as an agent of both United and Unitrin. Ware alleges that United and Unitrin failed to conduct adequate and reasonable oversight and monitoring of Jenkins. No other allegations with respect to Unitrin appear in the complaint.
Unitrin supported its motion to dismiss with the affidavit of David F. Bengston, Unitrin's vice president. In his affidavit, Bengston states the following about Unitrin:
 (1) Unitrin is a Delaware corporation headquartered in Chicago, Illinois;
 (2) Unitrin is not qualified to do business in any state other than Illinois and does not conduct business in any state other than Illinois;
 (3) Unitrin is a holding company that conducts no active business other than holding stock in certain subsidiary companies;
 (4) Unitrin has never owned any real or personal property in Alabama;
 (5) Unitrin has not transacted any business in Alabama;
 (6) Unitrin has not maintained an office in Alabama and does not have any employees in Alabama;
 (7) Unitrin has not issued a policy of insurance to anyone in Alabama, including Ware;
 (8) United, a wholly owned subsidiary of Unitrin and a codefendant, is a corporation separate from Unitrin and, as *Page 560 
such, has its own assets, directors, officers, and employees; and
 (9) Unitrin does not receive any portion of the premiums collected by United on its insurance policies.
Ware opposed the motion to dismiss with a memorandum to which was attached a copy of Unitrin's annual report for 2003; a printout of information from the Web site of the office of the Alabama Secretary of State reflecting that a corporate name had been reserved for an entity listed as Unitrin Auto and Home Insurance Company and that the name reservation had been issued to an individual listed at Unitrin's Chicago address; and another printout of information from the Secretary of State's Web site reflecting that on Unitrin's annual reports for 2003 and 2004, the reporting address for an entity known as Unitrin Internal Audit Services, Inc., was the same address as that listed for Unitrin. Ware offered no other evidentiary materials, nor did he request the opportunity to conduct discovery limited to the issue of the trial court's jurisdiction over Unitrin. Unitrin did not object to the admissibility of any of the materials attached to Ware's memorandum. Consequently, these materials are properly before us. Cf. Berry Mountain Mining Co. v. American Res. Ins.Co., 541 So.2d 4 (Ala. 1989) (defendants' failure to move to strike unauthenticated documents attached to plaintiff's motion for a summary judgment waived any objections to the trial court's reliance on those documents).
 II. Governing Principles
The principles applicable to review of the trial court's denial of a motion to dismiss for lack of personal jurisdiction were succinctly summarized in Ex parte Troncalli Chrysler PlymouthDodge, Inc., 876 So.2d 459 (Ala. 2003):
"The following principles are well established:
 "`[A] petition for a writ of mandamus is the proper device by which to challenge the denial of a motion to dismiss for lack of in personam jurisdiction. See Ex parte McInnis, 820 So.2d 795 (Ala. 2001); Ex parte Paul Maclean Land Servs., Inc., 613 So.2d 1284, 1286 (Ala. 1993). "`An appellate court considers de novo a trial court's judgment on a party's motion to dismiss for lack of personal jurisdiction.'" Ex parte Lagrone, 839 So.2d 620, 623 (Ala. 2002) (quoting Elliott v. Van Kleef, 830 So.2d 726, 729 (Ala. 2002)). Moreover, "[t]he plaintiff bears the burden of proving the court's personal jurisdiction over the defendant." Daynard v. Ness, Motley, Loadholt, Richardson Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002).'
"Ex parte Dill, Dill, Carr, Stonbraker Hutchings, P.C.,866 So.2d 519, 525 (Ala. 2003).
"Jurisdiction is obtained over out-of-state defendants pursuant to the `long-arm' rule, Ala. R. Civ. P. 4.2(a)(2)(A)-(I). Recently, we explained:
 "`"A physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident." Sieber v. Campbell, 810 So.2d 641, 644 (Ala. 2001). What is required, however, is that the defendant have such contacts with Alabama that it "`should reasonably anticipate being haled into court [here].'" Dillon Equities v. Palmer Cay, Inc., 501 So.2d 459, 462 (Ala. 1986) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).
 "`Depending on the quality and quantity of the contacts, jurisdiction may be either general or specific. Leventhal v. Harrelson, 723 So.2d 566, 569 (Ala. 1998). "General jurisdiction *Page 561 
applies where a defendant's activities in the forum state are `substantial' or `continuous and systematic,' regardless of whether those activities gave rise to the lawsuit. . . . A court has specific jurisdiction when a defendant has had few contacts with the forum state, but those contacts gave rise to the lawsuit." Id.
 "`But regardless of whether jurisdiction is alleged to be general or specific, the nexus between the defendant and the forum state must arise out of "`an action of the defendant [that was] purposefully directed toward the forum State.'" Elliott [v. Van Kleef], 830 So.2d [726] at 731 [(Ala. 2002)] (quoting Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)). "This purposeful-availment requirement assures that a defendant will not be haled into a jurisdiction as a result of "`the unilateral activity of another person or a third person."'" Elliott, 830 So.2d at 731 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).'
"Ex parte Dill, 866 So.2d at 525."
876 So.2d at 463.
This Court recently summarized a plaintiff's burden, once the defendant has made a prima facie showing that the court lacked personal jurisdiction as to the defendant.
 "[I]f the defendant makes a prima facie evidentiary showing that the Court has no personal jurisdiction, `the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.' Mercantile Capital, LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247 (N.D.Ala. 2002) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000)). See also Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75 (D.Del. 1995) (`When a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) [i.e., for lack of personal jurisdiction], and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.') (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984))."
Ex parte Covington Pike Dodge, Inc., 904 So.2d 226, 229-30
(Ala. 2004) (footnote omitted).
Doing business through a wholly owned subsidiary does not, in and of itself, constitute doing business by the parent corporation. Cf. Ex parte Baker, 432 So.2d 1281 (Ala. 1983) (comparing activities in Alabama of parent and subsidiary corporations for purposes of determining venue); see alsoThompson v. Taracorp, Inc., 684 So.2d 152, 158 (Ala.Civ.App. 1996) (concluding that trial court was correct in finding that acts of subsidiary corporation in Alabama were insufficient to impose personal jurisdiction over parent corporation).
 III. Analysis
Ware contends that excerpts from Unitrin's 2003 annual report contradict Bengston's affidavit. Ware first points out that, contrary to Bengston's statement that Unitrin does not conduct business in any state other than Illinois, a close reading of the annual report reflects that Unitrin has a relationship with a North Carolina bank, that it is traded on the New York Stock Exchange, and that it does business in Virginia, Missouri, and Mississippi. Ware also points to portions of the annual report describing Unitrin's charitable *Page 562 
activities in states other than Illinois. Unitrin responds by stating, among other things, that these contentions do not in any way controvert Bengston's statements in his affidavit that Unitrin does not conduct business in Alabama, the relevant state at issue in this petition and in Unitrin's motion to dismiss. We agree.
Ware quotes from various portions of the annual report he characterizes as "detail[ing] the support provided by Unitrin to its career agency companies, including United." Ware highlights that portion of the annual report stating, "A home office staff of over 500 supports the efforts of the agents and field management. We continue to consolidate staff and streamline our internal systems, putting in place more efficient methods of processing policies and running support systems like licensing and field accounting." Unitrin responds by pointing out that the quoted statement should be read in context of the subject matter identified on the top of the page on which the quoted material appears. Specifically, the paragraph at the top of the page refers to "The Unitrin Life Health Insurance Group" rather than Unitrin, Inc. Immediately preceding the quoted material is the statement, "The career agency companies, United Insurance, Union National, and Reliable Life, employ a field force of 2,700 career agents, to provide service to customers in their homes, and offer personalized, affordable insurance products developed for individuals and families in the lower and moderate income market in 25 states." The context clearly reflects that the statements relied upon by Ware do not refer to Unitrin, but, to the contrary, refer to a group known as The Unitrin Life Health Insurance Group, which is composed of three entities that are wholly owned subsidiaries of Unitrin.
Ware's reliance upon documents attached to his memorandum filed in the trial court in opposition to Unitrin's motion to dismiss purporting to be printouts from the Web site of the Alabama Secretary of State is also unavailing. Those documents reflect the issuance of licenses to subsidiaries of Unitrin. The fact that the subsidiaries use the same address as Unitrin is inconsequential; Ware has expressly disavowed any attempt to ground the trial court's jurisdiction over Unitrin upon an attempt to pierce the corporate veil between Unitrin and its subsidiaries. To the extent that those documents reflect the involvement of employees of Unitrin in securing the separate corporate existence of Unitrin's subsidiaries, we decline to treat that activity as sufficient to constitute an action of Unitrin purposely directed toward the State of Alabama. Were we to do otherwise, steps taken by a shareholder — a parent — to form a separate entity — a subsidiary — to do business in Alabama would constitute purposeful availment, thereby standing the rule of Asahi Metal Industry Co. v. California, 480 U.S. 102, 112,107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), on its head.
Ware also contends that Bengston failed to negate the possibility that stockholders of Unitrin reside in Alabama. We note at the outset that Ware had the burden of proof in face of Unitrin's prima facie showing, through Bengston's affidavit, of the absence of personal jurisdiction over it. Ex parte CovingtonPike Dodge, Inc., supra. Because Ware has presented no evidence indicating the existence of Alabama stockholders in Unitrin, we pretermit any further discussion of this issue.
Ware asks us for the opportunity to conduct further discovery on this issue in the event this Court should determine that he has not presented sufficient evidence to overcome the evidentiary showing made by Unitrin. We cannot distinguish the circumstances here presented from *Page 563 
those in Ex parte Covington Pike Dodge, Inc., in which this Court stated:
 "Henderson's bare allegations that additional discovery could possibly reveal evidence establishing personal jurisdiction — coupled with her failure to seek more time in which to conduct such discovery — do not entitle her to further discovery on that issue. See Hansen v. Neumueller GmbH, 163 F.R.D. [471] at 476 [(D.Del. 1995)] (`This Court is not
bound to accept as true the allegations in plaintiff's complaint for the purposes of determining whether plaintiff has made a minimal showing so as to entitle him to discovery on the issue of personal jurisdiction. . . . [A] plaintiff may not rely on the bare allegations in his complaint to warrant further discovery.'); Poe v. Babcock Int'l, plc, 662 F.Supp. 4, 7 (M.D.Pa. 1985) (`Since plaintiff has met defendants' affidavit evidence with mere speculation, plaintiff's request for an opportunity to conduct discovery on the matter must be denied.')."
904 So.2d at 233. We must decline Ware's request for further discovery.
 IV. Conclusion
We grant the petition and direct the trial court (1) to vacate its order denying Unitrin's motion to dismiss Ware's claims against it based on lack of personal jurisdiction, and (2) to enter an order dismissing the complaint insofar as it asserts claims against Unitrin.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.