Michael F. TILLERY, Appellant

v.

THE WASHINGTON POST,
et al., Appellees.

No. 06-7054.

United States Court of Appeals,
District of Columbia Circuit.

April 16, 2007.

Jason Herbert Ehrenberg, Bailey & Ehrenberg PLLC, Washington, DC, for Appellant.

Willis Jay Goldsmith, Jones Day, Patricia M. Shea, Communications Workers of America, Washington, DC, Richard Rosenblatt, Richard Rosenblatt & Associates, Greenwood Village, CO, for Appellees.

Before: GINSBURG, Chief Judge, and GRIFFITH, Circuit Judge, and SILBERMAN, Senior Circuit Judge.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has determined that the issues presented occasion no need for oral argument. *See.* D.C.Cir. Rule 34(j). It is

 ORDERED AND ADJUDGED that the district court's order filed March 13, 2005, be affirmed. Tillery seeks to apply the first and third exceptions outlined in *Litton Fin. Printing Div. v. NLRB,* 501 U.S. 190, 205–10, 111 S.Ct. 2215, 115 L.Ed.2d 177 (1991), to the general rule that a district court does not have jurisdiction to adjudicate a dispute arising

under a collective bargaining agreement after it has expired. Tillery argues that *Litton's* first exception applies because the facts and occurrences that led to his termination transpired prior to the expiration of the collective bargaining agreement ("CBA") between his employer, The Washington Post ("The Post"), and his union. Had the district court permitted limited discovery, Tillery argues, he would have been able to establish that The Post "made the decision to discharge [him] in advance of May 18, 2005 because of his age, his application for, and continuing receipt of, workers' compensation, and his continuing health problems." Tillery offers only speculation that The Post fired him for these reasons. Such conjecture is insufficient to warrant jurisdictional discovery. *See Bastin v. Fed. Nat'l Mortgage Ass'n,* 104 F.3d 1392, 1396 (D.C.Cir.1997) (the district court did not err in refusing discovery based on "rank speculation"); *Caribbean Broad. Sys. Ltd. v. Cable & Wireless P.L.C.,* 148 F.3d 1080, 1090 (D.C.Cir.1998) ("in order to get jurisdictional discovery a plaintiff must have a good faith belief" that discovery will establish jurisdiction); *Poe v. Babcock Int'l,* 662 F.Supp. 4, 7 (M.D.Pa. 1985) (holding that because plaintiff's request for jurisdictional discovery was based on "mere speculation" it must be denied). Tillery also argues that *Litton's* third exception applies because of language in the CBA. He cites to Section 1 of the CBA, which states in relevant part that "[t]he parties agree to bargain in good faith and to seek a successor agreement, without changing the terms and conditions of this Agreement, except in accordance with the [NLRA]." Tillery argues that this language indicates that The Post and the Union envisioned that all of the terms of the CBA would survive its termination. We reject this argument because, as the district court correctly found, such language is required by the NLRA and is distinguishable from enforceable contractual obligations. *See Litton,* 501 U.S. at 207, 111 S.Ct. 2215.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.